UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR 06-39-01 S
:
RENEY TYSON :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Reney Tyson ("Defendant") is in violation of the conditions of her probation and, if so, for a recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3565(a) and Fed. R. Crim. P. 32.1, hearings were conducted on January 24, February 26, and May 30, 2007. At the January 24 hearing, Defendant, both personally and through counsel, waived a violation hearing and admitted that she had violated the terms and conditions of her probation.[1] Based on Defendant's admission, the joint recommendation of the Government and defense counsel, and the favorable report from the probation department, I find that Defendant has violated probation and recommend that Defendant be continued on her original sentence of five years probation with special conditions.

**Background**

On July 14, 2006, Defendant appeared before the Honorable

[1] Following Defendant's admission of violation on January 24, 2007, the matter was continued to February 26 for the purpose of allowing Defendant to enter a rehabilitative program operated by the Salvation Army. On February 26, 2007, the matter was continued to May 30, 2007, to allow Defendant to continue in that rehabilitative program. At the May 30th hearing, the Court received the joint recommendation of the Government and Defendant that she be continued on probation.

William E. Smith, United States District Judge, for sentencing on a single count conviction for social security fraud in violation of 41 U.S.C. § 1383a(a)(3). See Judgment of 7/14/06 (Document ("Doc.") #11) at 1. Judge Smith imposed a five-year term of probation[2] with the following special conditions. Id. at 2-3. Defendant was required to participate in and satisfactorily complete a program approved by the probation office for treatment of narcotic addiction or drug or alcohol dependency, and the program was to include testing (up to seventy-two tests per year) for the detection of substance use or abuse. Id. at 3. Defendant was required to participate in and satisfactorily complete a program of mental health treatment, approved by the probation department, until such time as Defendant was released from the program by the probation officer. Id. If Defendant was employed full-time (thirty hours or more and paying restitution), she was required to perform 0-5 hours per week of community service as approved by the probation office. Id. If Defendant was employed part-time (20-29 hours), she was required to perform 10-15 hours per week of community service as approved by the probation office. Id. If Defendant was not employed or employed less than twenty hours weekly, she was to perform thirty hours per week of community service as approved by the probation office. Id. Time in school could be considered by the probation department as hours of employment. Id. Judge Smith ordered Defendant to pay restitution in the amount of $51,363.38 and a $100.00 special assessment. Id. at 4.

On January 19, 2007, United States Probation Officer Kathleen M. Hopkins ("U.S.P.O. Hopkins") initiated a Petition for Warrant for Offender Under Supervision (the "Petition"), alleging that Defendant had violated four conditions of her probation. See Petition at 1-2. In response to the Petition, Judge Smith

---

[2] Defendant's term of probation is scheduled to terminate on July 13, 2011. Probation Violation Report (the "Report") at 1.

ordered the issuance of a warrant. See id. at 3.

**The Violation**

The Probation Violation Report (the "Report") dated January 19, 2007, alleges that Defendant has violated the following conditions of probation in the manner indicated:

**Condition #2: Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

Defendant has failed to submit monthly reports for August, September, and November 2006. The reports were due September 5, October 5, and December 5, 2006, respectively.

**Condition #3: Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

Defendant has failed to report for urine screens as instructed on November 13, November 27, and December 18, 2006, and January 3, 2007. As to this violation, on July 17, 2006, Defendant was placed on the random urinalysis screening program. She subsequently failed to report for the random screens as listed above.

**Special Condition: Defendant shall participate as directed in a program of mental health treatment approved by the probation office.**

Defendant has failed to attend mental health counseling on July 18, July 19, August 2, October 24, October 31, November 7, November 14, and November 28, 2006, and January 16, 2007. As to this violation, Defendant was instructed to attend mental health counseling at Gateway Healthcare with Robert Marshall. Because of Defendant's poor attendance at the counseling sessions, a Compliance Review Hearing was held on November 20, 2006, with Supervising United States Probation Officer Kurt E. O'Sullivan ("Supervising U.S.P.O. O'Sullivan") at the probation office. At that time, Defendant was confronted regarding her failure to

consistently attend treatment. Defendant stated that she anticipated that she would be homeless by December and that she had been focusing all of her efforts on her housing. She was verbally reprimanded and instructed that she must attend treatment.

**Special condition: If employed full-time (thirty hours or more and paying restitution), Defendant shall perform 0-5 hours per week of community service as approved by the probation office. If employed part-time (20-29 hours), Defendant shall perform 10-15 hours per week of community service as approved by the probation office. If not employed or employed less than twenty hours weekly, Defendant shall perform thirty hours per week of community service as approved by the probation office.**

Defendant has failed to perform community service hours as directed and instructed by the probation officer. As to this violation, Defendant originally secured a community service placement at the Beth Ami Church, Providence, Rhode Island, completing two to three hours per week talking to children about the dangers of drug use. In the weeks following her original placement, she traveled to North Carolina to transfer her low income housing voucher. On October 6, 2006, Defendant was questioned regarding her community service, and she stated that she terminated the community service due to the fact that she could not obtain enough hours. Defendant did not submit a community service log for this placement. Defendant subsequently secured a confirmed community service placement in the Providence School System. Her assignment would again require that she talk to children about the dangers of drug use. On October 24, 2006, the probation office confirmed that Defendant’s community service was terminated. The principal was concerned regarding Defendant’s presence in the school. The community log reflects that Defendant completed the equivalent of seventy hours at this placement. Defendant attempted to secure an alternate placement

in the Providence School System and was denied on November 9, 2006. On November 20, 2006, a Compliance Review Hearing was held at the probation office with Supervising U.S.P.O. O'Sullivan. Defendant indicated that she did not complete her community service as she wanted to do something that she was interested in. She provided verification that she had volunteered to vacuum for one hour at the Mathewson Street United Baptist Church, Providence, Rhode Island. Defendant was informed that vacuuming the church would not fulfill her thirty-hour requirement, and she was instructed to report to the Rhode Island Blood Bank, Providence, Rhode Island. Defendant commenced her community service on December 6, 2006, and provided a community service log indicating that she completed eighteen hours of community service for the month of December. On January 10, 2007, the probation office received a message from the Volunteer Coordinator at the Rhode Island Blood Bank that Defendant had notified them earlier in the day that she was not feeling well and would not be reporting for a while. As a result, her placement was terminated due to her failure to report as scheduled. As of the date of the Report, Defendant was required to complete 750 hours of community service, but she had only completed eighty-nine hours.

**Travel**

On January 19, 2007, Judge Smith ordered the issuance of a warrant for Defendant based on the Petition. Defendant was arrested on the warrant on January 23, 2007, and appeared before this Magistrate Judge on January 24, 2007. At that time she was informed of the grounds for the alleged violation. After being so advised, Defendant waived a violation hearing and, both personally and through counsel, admitted to the violations. This admission satisfied the Court that there was an adequate basis for finding that Defendant had violated the conditions of probation. The Court then received sentencing recommendations from both the Government and the defense. The Government

recommended that Defendant be sentenced to a term of five months imprisonment followed by three years probation. Defense counsel requested a thirty-day continuance to allow Defendant to enter a Salvation Army rehabilitative program. The Court announced that it would continue the matter to February 26, 2007, to allow Defendant the opportunity to enter the Salvation Army program and to demonstrate that she could comply with the instructions of her probation officer. On February 26, 2007, the Court continued the matter for an additional ninety days because it was reported that Defendant was making progress in the Salvation Army program. At the May 30, 2007, hearing, the Court received a favorable report from U.S.P.O. Hopkins regarding Defendant's progress as well as sentencing recommendations from both the Government and defense counsel. Thereafter, the Court announced its recommendation and stated that it would issue a written Report and Recommendation explaining the reasons therefor.

## Law

**Statutory Provisions**

According to § 3565(a)(1) and (2) of Title 18 of the United States Code, if a defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may, after a hearing pursuant to Fed. R. Crim. P. Rule 32.1, and after considering the factors set forth in § 3553(a)[3] to the extent that they are applicable,

---

[3] The § 3553(a) factors to be considered in imposing a sentence are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
....
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
....

continue probation, with or without extending the term or modifying or enlarging the conditions, or revoke the sentence of probation and resentence the defendant under subchapter A. The Court may sentence a defendant up to the statutory maximum for the original offense. However, the Court must consider the policy statements detailed in Chapter 7 of the sentencing

---

> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> (5) any pertinent policy statement—
>
> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (2007).

guidelines. In this case, the statutory maximum term of imprisonment for the original offense is five years. The maximum authorized term of probation that could have been imposed for the original offense is five years. Since the maximum probation term was already imposed, it cannot be extended.

**Sentencing Guidelines**

Section 7B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") provides for three grades of violations. Section 7B1.1(a) of the U.S.S.G. states that a Grade A violation consists of (A) conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Conduct consisting of any other offense punishable by a term of imprisonment exceeding one year constitutes a Grade B violation. Conduct constituting an offense punishable by a term of imprisonment of one year or less, or violation of any other condition of supervision, is classified as a Grade C violation. Section 7B1.1(b) provides that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade. In this case, Defendant has committed Grade C violations.

Pursuant to Section 7B1.3(a)(2) of the U.S.S.G., upon a finding of a Grade C violation, the Court may revoke, extend, or modify probation. In this case the statutory maximum term of probation has already been imposed. Therefore, the Court may not extend probation, but it may revoke or modify probation.

Section 7B1.3(b) provides that in the case of a revocation of probation, the applicable range of imprisonment is that set forth in §7B1.4 (Term of Imprisonment).

If the Court finds that Defendant has committed a Grade B or

C violation, §7B1.3(c)(1) states that where the minimum term of imprisonment determined under §7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term. If the Court finds that Defendant has committed a Grade B or C violation, §7B1.3(c)(2) states that where the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision, which allows for alternatives for any portion of the minimum term, applies to this matter.

According to Section 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under §7B1.4. In this case, Defendant is ordered to pay the unpaid balance of any restitution.

Section 7B1.3(e) of the U.S.S.G. states that when the Court revokes probation and imposes a term of imprisonment, it shall increase the term of imprisonment determined above by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation violation warrant or proceeding.

Section 7B1.3(g)(1) of the U.S.S.G. provides that where

probation is revoked and a term of imprisonment is imposed, the provisions of §§5D1.1-1.3 shall apply to the imposition of a term of supervised release. Section 5D1.1(a) states that if a sentence of imprisonment of more than one year is imposed, the Court shall order a term of supervised release to follow imprisonment. Subsection (b) provides that the Court may order a term of supervised release in any other case. Section 5D1.2 states that if a term of supervised release is imposed, the length shall be between three and five years for a defendant convicted of a class A or B felony; between two and three years for a defendant convicted of a class C or D felony; or one year for a defendant convicted of a class E felony or class A misdemeanor. In this case, Defendant was convicted of a Class D felony, therefore the maximum statutory term of supervised release that may be imposed to follow imprisonment is three years. Thus, if a term of supervised release is to be imposed, the guideline term shall be between two and three years.

Pursuant to Section 7B1.4(a) of the U.S.S.G., the criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision. In this instance, Defendant had a criminal history category of III at the time of sentencing. The Revocation Table contained in Section 7B1.4(a) of the U.S.S.G. provides that for a Grade C violation with a criminal history category of III an imprisonment range of five to eleven months is warranted.[4]

Section 7B1.5(a) of the U.S.S.G. states that, upon revocation of probation, no credit shall be given (toward any term of imprisonment ordered) for any portion of the term of probation served prior to revocation.

---

[4] The Court of Appeals for the First Circuit has held that Chapter 7 policy statements (including §7B1.4) are advisory rather than mandatory. See United States v. Ramirez-Rivera, 241 F.3d 37, 40 (1st Cir. 2001); United States v. O'Neil, 11 F.3d 292, 302 n.11 (1st Cir. 1993).

## Discussion

### Recommendations By Government and Defense

At the May 30, 2007, hearing, the Government stated that in light of the progress Defendant has made in the Salvation Army program, she should be continued on her original probationary sentence and that as a condition of probation she be required to continue in the Salvation Army program until the July 4, 2007, discharge date. Defense counsel concurred with the Government and joined in the Government's recommendation.

### Recommendation by Court

Given the joint sentencing recommendation by the Government and the defense and the favorable report from U.S.P.O. Hopkins regarding Defendant's progress in the Salvation Army rehabilitative program, the Court recommends that Defendant be continued on her original sentence of five years probation with special conditions. The Court further recommends that as an added condition of her probation Defendant be required to remain enrolled in and successfully complete the Salvation Army rehabilitative program. The Court notes that Defendant is scheduled to be discharged from the program on July 4, 2007.

## Conclusion

After considering the factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that Defendant be continued on her original sentence of five years probation with special conditions. I further recommend that as an added condition of probation Defendant be required to remain enrolled in and successfully complete the Salvation Army rehabilitative program.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court

and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 4, 2007